The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. Plaintiff-employee is Lucy Ann Colvin who has married since her alleged injury by accident and whose name is now Lucy Ann Arand.
2. Defendant-employer is Bobby H. Gardner, d/b/a, Bantam Mart/Hungry House Cafe.
3. Defendant-employer was uninsured at the time of the alleged injury by accident.
4. Defendant-employer regularly employs three or more employees and is bound by the North Carolina Workers' Compensation Act.
5. An employer-employee relationship existed between plaintiff and defendant-employer at the time of the alleged injury by accident on 19 April 1994.
6. Plaintiff's average weekly wage at the time of the alleged injury by accident on 19 April 1994 was $350.00.
************
RULINGS ON EVIDENTIARY MATTERS
All objections raised during the depositions of Charles Timothy Mathis and Dr. Joseph J. King are ruled upon in accordance with the law and in the Opinion and Award rendered in this matter.
************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 19 April 1994 plaintiff was a 38 year old female with a tenth grade education employed by defendant-employer in a grocery store which also held a cafe and operated a gas station. Plaintiff had been employed with defendant-employer since 19 September 1993 when she began as a cashier and one month later was asked to be general manager of that store. Thereafter, plaintiff was employed as general manager of the Bantam Mart/Hungry House Cafe for defendant-employer and was so employed on 19 April 1994.
2. In her duties as general manager, plaintiff ordered food, ran the store, ran the register, swept and mopped floors, waited tables, did dishes and stocked drinks in coolers and groceries on shelves. Plaintiff also scheduled the employees who worked at that store and did paperwork for their payroll.
3. On the morning of 19 April 1994 plaintiff opened defendant-employer's store arriving at approximately 5:30. Upon her arrival she found that whoever had been working the previous night had not stocked the shelves with sodas. Plaintiff began to stock the shelves and picked up a blue Pepsi crate that held eight to twelve six-packs of twenty ounce sodas. Plaintiff intended to place the crate on a stool, but the stool had fallen over so she bent over to put the crate on the floor. As plaintiff bent over to put the crate on the floor, she felt a crack in her back. Plaintiff experienced immediate pain through the lower part of her back as that happened. It took plaintiff a few minutes to straighten up and stand and she immediately sat down at the desk behind the counter. Plaintiff continued to work the rest of her shift.
4. On 27 April 1994 plaintiff sought medical attention for the first time after the 19 April 1994 incident when she went to the Emergency Room at Union Memorial Hospital due to severe back pain.
5. Plaintiff next sought medical treatment for her back pain which was radiating down the left leg with Dr. Joseph King, an orthopaedic surgeon. Dr. King treated plaintiff's sciatica conservatively with pain medication and sleeping pills. Plaintiff again visited Dr. King on 17 May 1994 without any resolution in the pain from her sciatica. At that time Dr. King ordered a CT Scan which was performed on 18 May 1994 and disclosed a bulging disc at L 4-5. Plaintiff returned to Dr. King on 24 May 1994 at which time he prescribed anti-inflammatory drugs and physical therapy for plaintiff. Plaintiff did not engage in physical therapy because she could not afford to do so. On 24 May 1994 Dr. King also wrote plaintiff out of work from 23 May 1994 through 1 June 1994. On 8 June 1994 plaintiff was still in pain from her back and experiencing numbness in her left leg. At that time Dr. King placed plaintiff on light duty from 2 June 1994 through 2 July 1994. Dr. King continued to see plaintiff on 19 July 1994 when plaintiff was experiencing good and bad days with her back pain. At that time Dr. King recommended epidural injections, but plaintiff was unable to afford them. Dr. King again saw plaintiff on 13 September 1994 and she continued to experience back pain into her left leg at that time.
6. Plaintiff last sought medical attention for her back on 10 May 1995 when she continued to experience back pain shooting from her lower back up her back.
7. Plaintiff had a prior history of muscle spasms in her back which were treated by Dr. Picolett, a chiropractor, in March, April or May of 1993. However, plaintiff had been released from Dr. Picolett's care and her back pain had resolved before she became employed with defendant in September 1993.
8. On 1 June 1994 plaintiff ended her employment with defendant-employer as did her sister who also worked with defendant-employer over a dispute which is not related to this workers' compensation claim.
9. As a direct and proximate result of her injury by accident arising out of and in the course of her employment on 19 April 1994 plaintiff suffered sciatica and accompanying lower back and left leg pain.
10. Plaintiff was out of work from 23 May 1994 through and including 1 June 1994 due to her sciatica and resulting pain which was a direct and proximate result of her work-related injury by accident.
11. Plaintiff continues to suffer from back pain on some days and on other days she is free of back pain.
12. As a direct and proximate result of her 19 April 1994 compensable injury to her lower back, plaintiff sustained a five percent permanent partial impairment to the spine.
13. On 19 April 1994 defendant-employer regularly employed three or more employees in the same business or establishment and is therefore admittedly subject to the provisions of the Workers' Compensation Act. Defendant-employer was un-insured for workers' compensation on 19 April 1994.
14. Although plaintiff had continuing symptoms, she has not received additional treatment or physical therapy because she is unable to pay for such treatment and does not have health insurance. The medical bills which plaintiff incurred as a direct and proximate result of her injury by accident with Dr. King and in connection with her visit to the emergency room and the CT Scan remain unpaid.
************
Based upon the findings of fact, the undersigned makes the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 19 April 1994, defendant-employer regularly employed three or more employees in the same business or establishment, and therefore is subject to the provisions of the Workers' Compensation Act.
2. Defendant-employer was uninsured for workers' compensation on 19 April 1994. N.C. Gen. Stat. § 97-2(1).
3. On 19 April 1994 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer in that she sustained a low back injury with sciatica.
4. From 23 May 1994 through 1 June 1994, plaintiff was incapable, due to her work-related sciatica and the resultant pain, to earn wages which she was receiving at the time of her injury at the same or any other employment. N.C. Gen. Stat. §97-29.
5. Plaintiff is entitled to temporary total disability compensation benefits at the rate of $233.35 per week for 3/7 week for the disability she sustained as a result of this injury by accident. N.C. Gen. Stat. § 97-29; § 97-28.
6. As a result of her 19 April 1994 compensable injury by accident, plaintiff sustained a five percent permanent partial disability of her spine for which plaintiff is entitled to compensation at the rate of $233.35 per week for a period of 15 weeks. N.C. Gen. Stat. § 97-31(23).
7. Plaintiff is entitled to have defendant-employer provide all medical treatment arising from this injury by accident to the extent it tends to effect a cure, give relief or lessen her disability.
************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Defendant-employer shall pay compensation to plaintiff at the rate of $233.35 per week for a period of 3/7 weeks. This compensation has accrued and shall be paid in lump sum, subject to a reasonable attorney's fee approved in Paragraph 3.
2. For her five percent permanent partial disability of the spine, defendant-employer shall pay permanent partial disability compensation to plaintiff at the rate of $233.35 per week for a period of 15 weeks. Said amount shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved in Paragraph 3.
3. A reasonable attorney's fee in the amount of 20% of the compensation due plaintiff under Paragraphs 1 2 of this Award is approved for plaintiff's counsel and shall be paid by deducting from those sums and paid directly to plaintiff's counsel. Furthermore, pursuant to the provisions of N.C. Gen. Stat. §97-88, since defendant-employer appealed a Deputy Commissioner's Opinion and Award awarding benefits to plaintiff and the Full Commission is affirming this action, defendant-employer shall pay plaintiff's counsel $2,000.00 in attorney fees for the work associated with the appeal of this matter to the Full Commission.
4. To the extent that the same is reasonably designed to effect a cure, give relief or lessen the period of disability, defendant-employer shall pay all medical expenses incurred by plaintiff as a result of her compensable injury when bills for the same have been submitted through defendant-employer to the Industrial Commission and approved by the Commission.
5. Defendant-employer shall pay the cost associated with this action. Furthermore, a fee of $140.00 is hereby approved for Dr. Joseph King in association with the taking of his deposition in this matter on 25 September 1996.
6. Plaintiff's motion for sanctions against defendant-employer is hereby, and the same shall be DENIED.
This the 14th day of August 1997.
 S/ ___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________________ LAWRENCE B. SHUPING, JR. DEPUTY COMMISSIONER
S/ _____________________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
DCS:jmf